IN THE UNITED STATES DISRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-537

**BRENDA MICHELLE STRANGE**,

    Plaintiff,

v.

**ANDREW JOHNSTON,**
**ENDEAVOR BUSINESS MEDIA, LLC**, a Delaware limited liability company, and
**DOES 1 – 50,** whose true names are unknown,

    Defendants.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Plaintiff, Brenda Michelle Strange ("Michelle Strange" or "Strange") by and through her attorneys, Trestle Law, APC, for her Complaint against Defendants Andrew Johnson, Endeavor Business Media, LLC, and Does 1 – 50 alleges, on knowledge as to her own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action for accounting, invasion of privacy, violation of the Colorado Consumer Protection Act, and unjust enrichment arising from the Defendants' past and ongoing use of Plaintiff's creative works, name, voice and likeness.

2. Plaintiff seeks all damages arising from Defendants' misconduct including injunctive and monetary relief and reimbursement of Plaintiff's attorneys' fees and costs for having to bring this suit to enforce her rights.

1

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332.

4.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and/or a substantial part of the property that is the subject of the action is situated in this District, where Plaintiff resides.

5.     The Court has personal jurisdiction over Defendants because, on information and belief, Defendants have deliberately directed activities to Colorado residents in the form of directed online marketing efforts. Upon information and belief, Defendants, through their website, social media and other online marketing efforts, have used and continue to use Plaintiff's Podcasts, name, and likeness to solicit business from Colorado residents. Defendants' actions described herein caused and continue to cause Plaintiff to suffer harm in Colorado.

## THE PARTIES

6.     Plaintiff Strange is an individual and resident of Evergreen, Colorado.

7.     Defendant Andrew Johnston is an individual and resident of Tampa, Florida.

8.     Defendant Endeavor Business Media, LLC ("Endeavor") is a limited liability organized under the laws of the state of Delaware, with a principal place of business at 30 Burton Hills Blvd. suite 185, Nashville, TN 37215-6401.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.     Between 2015 and 2022, Strange created original works of authorship in the form of recorded podcasts, individually and in collaboration with various guest speakers ("Podcasts"), under the moniker, "A Tale of Two Hygienists."

10. With the exception of a handful of episodes created while Strange was on vacation, Strange appeared as host of all Podcast episodes, came up with discussion topics, and communicated with guests. Strange handled all social media posts and planning and was the face of the Podcast. Strange also managed the website on which the Podcasts were distributed and made decisions related to the look, feel and branding of the Podcasts. Strange created the schedule for most Podcast interviews.

11. Defendant Johnston performed editing tasks and appeared as a participant in some of the Podcasts. Johnston was primarily involved in business tasks while Strange handled creative decisions.

12. In or around May 2018, Strange and Johnston formed a limited liability company under the laws of the state of North Carolina, A Tale of Two Hygienists LLC ("ATOTH LLC").

13. After its formation, ATOTH LLC began distributing the Podcasts pursuant to an implied non-exclusive license.

14. At no time did Strange ever transfer any ownership interest in the Podcasts to ATOTH LLC.

15. Neither Strange nor Johnson were employees of ATOTH LLC.

16. In 2022, Strange decided that she wanted to terminate her professional relationship with Johnston.

17. On or about April 1, 2022, Strange filed a Member Statement of Dissociation from a Limited Liability Company with the South Carolina Secretary of State.

18. In May of 2022, Johnston provided Strange with a letter agreement expressly abandoning her membership in ATOTH LLC. Strange executed this agreement at Johnston's request.

19. Upon information and belief, at the time Johnston requested that Strange execute the letter agreement, he had already engaged in discussions regarding sale of ATOTH LLC to Endeavor.

20. After Strange severed ties with ATOTH LLC, Johnston and ATOTH LLC continued to reproduce and display the Podcasts on the ATOTH LLC website, YouTube, and various other streaming platforms without Strange's permission and without paying to Strange any portion of the revenue obtained in connection with such use.

21. After Strange severed ties with ATOTH LLC, Johnston and ATOTH LLC also continued to use Strange's name, voice and likeness, within the Podcasts themselves and in promotional materials, including on ATOTH LLC's website, social media, and in marketing materials distributed by Johnston and ATOTH LLC.

22. Upon information and belief, Johnston sold ATOTH LLC to Endeavor in October 2022.

23. Since October 2022, Endeavor has continued to make the Podcasts available on the A Tale of Two Hygienists website, through numerous podcast applications and on YouTube, and has continued to use Strange's name, voice and likeness without Strange's permission and without paying to Strange any portion of the revenue obtained as a result of such use.

24. Strange did not grant ATOTH LLC any license to make use of the Podcasts, or her name, voice or likeness, after her departure in May 2022.

25. Strange has never authorized Johnston, ATOTH LLC or Endeavor to make use of the Podcasts, or her name, voice or likeness, after her departure.

26. Strange has expressly requested that Defendants stop using her name, likeness and voice in writing, on multiple occasions, but Defendants continue to do so.

## FIRST CAUSE OF ACTION
### Accounting
### (alleged against all Defendants)

27. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

28. Plaintiff is the author and owner of copyrights in the Podcasts.

29. Defendant Johnston contends that he contributed to the creation of some or all of the Podcasts, making him co-author and joint owner of copyright.

30. Upon information and belief, Defendant Johnston sold his interests in the Podcasts, to the extent he owned any, to Endeavor in October 2022.

31. Plaintiff has asked both Johnston and Endeavor for records reflecting their use and licensing of the Podcasts and the profits obtained in connection therewith, consistent with the requirement that each joint author in a copyright account to other joint authors for any profits received, but Defendants have refused these requests. Plaintiff therefore does not have any way of ascertaining the amount she is owed as owner of exclusive copyrights in these works other than through court action.

32. As owner or co-owner of the copyrights in the Podcasts, Plaintiff is entitled to an accounting of all direct and indirect profits obtained in connection with use or licensing of the Podcasts, and payment of her share of such profits.

## SECOND CAUSE OF ACTION
### Invasion of Privacy
### (alleged against all Defendants)

33. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

34. Defendants have used, and continue to use, Plaintiff's name, voice and likeness in promoting their business.

35. Defendants' ongoing use of Plaintiff's name, voice and likeness has been for Defendants own purpose and benefit.

36. Plaintiff has suffered damages as a result of Defendants' use.

## THIRD CAUSE OF ACTION
### Colorado Consumer Protection Act
### (alleged against all Defendants)

37. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

38. Defendants' continued use Plaintiff's intellectual property, name and likeness constitutes a deceptive trade practice. Defendants' use constitutes a knowingly false representation that Plaintiff endorses or is otherwise affiliated with Defendants' business.

39. Defendants' use of Plaintiff's intellectual property, name and likeness was and continues to be made in connection with Defendants' business activities, namely, promoting itself and third parties through their websites and podcasts.

40. Defendants have continued to make use of Plaintiff's name and likeness in promoting their business, despite multiple requests that they stop doing so. Defendants' conduct is therefore willful and done in bad faith.

41. Defendants continue to mislead consumers, by falsely implying that Plaintiff endorses or is otherwise associated with Defendants.

42. Plaintiff has been injured in her business and occupation, in that consumers believe that she has some business relationship with Defendants that does not exist and has suffered actual damages as a result of Defendants' actions.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment Under Common Law
### (alleged against all Defendants)

43. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

44. By virtue of the egregious acts of Defendants as described above, Defendants have been unjustly enriched in an amount to be proven at trial.

45. Defendants' retention of monies gained through their deceptive business practices, unjustly enriches Defendants and is contrary to public policy and the interests of justice.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment against the Defendants as follows:

1. For an accounting for all profits obtained in connection with the use or licensing of the Podcasts, and an award of damages for Plaintiff's share of such profits, which amount, upon information and belief, is in excess of $100,000, plus pre and post judgment interest;

2. For disgorgement of Defendants' profits for use of Plaintiff's intellectual property, name and likeness,

3. For treble damages for violation of the Colorado Consumer Protection Act, plus prejudgment interest;

4. For damages in an amount to be proven at trial for invasion of privacy and unjust enrichment;

5.     For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the transactions entered into and/or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

6.     For injunctive relief barring Defendants and their agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity, or participation with it, from doing, abiding, causing or abetting any direct or indirect use of Plaintiff's name or likeness, or further use of any Podcasts of which Johnston was not co-author;

7.     For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

8.     For reasonable attorneys' fees and all costs of suit; and

9.     For such other and further relief as the Court may deem just and equitable.

DATED: February 27, 2023

/s/ *Amanda L. Bruss*
Amanda Bruss, Esq. (# 44151)
Trestle Law, APC
7904 Broadway
Lemon Grove, CA 91945
Telephone: (619) 289-8939 |
Email: amanda@trestlelaw.com
*Attorney for Plaintiff Brenda Michelle Strange*